Dear Senator Michot:
This office is in receipt of your opinion request, which is quoted as follows:
Whether a theft has occurred under La. R.S. 14:67 and whether Civil Code Article 2681 would operate as a defense given the following facts:
 A non-owner of property represented that he owned leasing privileges on a certain tract of land; individuals (lessees) leased the land for $5,000; the true owner informed the lessees that the non-owner did not have any rights in the property and refused to honor the lease; and the non-owner refused to reimburse the lessees.
The relevant portion of La. R.S. 14:67 states:
 A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
The non-owner took the money from the lessees, satisfying the "taking of anything of value belonging to another" requirement. Clearly the non-owner intended to permanently deprive the lessees of their money because he kept the money and refused to return it. The only element at issue is whether the taking was by means of fraudulent conduct, practices, or representations.
The non-owner represented that he owned the right to lease the property when in fact he neither possessed the property nor did he have any legal connection the property at all. This fraudulent representation is sufficient to satisfy the last requirement.
Addressing the second part of the question concerning possible defenses arising under the Civil Code, Article 2681 states:
 He who possesses a thing belonging to another, may let it to a third person but he can not let it for any other use than that to which it is usually applied.
For C.C. Art. 2681 to apply, the non-owner would have to be in possession of the property, and under the given facts he was not. Additionally, even if the nonowner was in possession of the property, the last clause (italicized above) of C.C. Art. 2681 contemplates that the possessor is possessing under the right of the true owner (see 21 La.L.Rev. 606). Therefore, under the given facts the nonowner clearly was not in possession, and if he was, not the type of possession contemplated in C.C. Article 2681. Finally, in the event that C.C. Art. 2681 was found to apply to the non-owner, note that C.C. Art. 2682 provides a civil course of action for the lessees to recover their money.
Therefore, under the specific facts provided, and in light of the fact that opinions of this office are considered persuasive authority only, it is the opinion of this office that the actions of the non-owner are theft under La. R.S. 14:67.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ PAUL LEBLANC Assistant Attorney General